UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC DIOCESE OF HARRISBURG,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 1:20-bk-00599-HWV |
| ROMAN CATHOLIC DIOCESE OF HARRISBURG,<br><br>                    Plaintiff,<br><br>v.<br><br>THE TRAVELERS COMPANIES, INC.; ZURICH NORTH AMERICAN INSURANCE COMPANY; UNDERWRITERS AT LLOYD'S LONDON; CATHOLIC MUTUAL GROUP; THE NATIONAL CATHOLIC RISK RETENTION GROUP; INTERSTATE FIRE & CASUALTY COMPANY; and COLONIAL PENN LIFE INSURANCE COMPANY,<br><br>                  Defendants. | Adv. Pro. No. 1:20-ap-00018-HWV |

## FIRST AMENDED COMPLAINT

Plaintiff, the Roman Catholic Diocese of Harrisburg (the "***RCDH***"), by and through its undersigned counsel, files this First Amended Complaint against Defendants The Travelers Companies, Inc., Zurich North American Insurance Company, Underwriters at Lloyds London, Catholic Mutual Group, The National Catholic Risk Retention Group, Inc., Interstate Fire & Casualty Company, and Colonial Penn Life Insurance Company (collectively, "***Insurers***"), seeking a judgment that claims against the RCDH arising from alleged sexual abuse are covered

by certain policies of insurance issued to RCDH by Insurers or their predecessors, and in support hereof alleges as follows:

## I. JURISDICTION

1. On February 19, 2020, the RCDH filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing a chapter 11 proceeding in this Court.

2. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the RCDH continues to operate and manage its property as a debtor in possession.

3. By this action RCDH is seeking: (a) entry of a judgment declaring that claims against RCDH are covered by certain policies of insurance issued to RCDH by Insurers (as defined below) or their predecessors; and (b) entry of a money judgment against the Insurers (as defined below) for breach of contract.

4. This is an action for declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This Court has jurisdiction over this action, pursuant to 28 U.S.C. §§ 157(a), 1334(b), and 1452, and the *Amended Standing Order of Reference* from the United States District Court for the Middle District of Pennsylvania.

6. This Court has personal jurisdiction over each of the Insurers (as defined below), because each Insurer has sufficient contacts with the Commonwealth of Pennsylvania and each Insurer has otherwise availed itself of the markets within the Commonwealth of Pennsylvania, including the issuance to the RCDH of the policies at issue in this matter.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the dispute occurred in this district.

8. Venue is also proper in this Court pursuant to 28 U.S.C. § 1409, because the RCDH is a debtor in possession the above-captioned chapter 11 bankruptcy proceeding pending in this Court.

9. Under Local Bankruptcy Rule 7008-1, RCDH consents to the entry of final orders or judgment by the bankruptcy court.

## II. PARTIES

10. Plaintiff RCDH is a non-profit religious institution with its principal place of business at 4800 Union Deposit Road, Harrisburg, Pennsylvania 17111.

11. Defendant, The Travelers Companies, Inc. ("***Travelers***"), is an insurance company that has provided liability insurance coverage to RCDH through its predecessor, USF&G. Travelers has its principal place of business at 485 Lexington Avenue, New York, NY 10017.

12. Defendant, Zurich North American Insurance Company ("***Zurich***"), is an insurance company that has provided liability insurance coverage to RCDH through its predecessor, Maryland Casualty Company ("***Maryland Casualty***"). Zurich has its principal place of business at 1299 Zurich Way, Schaumberg, IL 60196.

13. Defendant, Underwriters at Lloyd's London ("***Lloyd's***"), is an insurance company that has provided liability insurance coverage to RCDH. Lloyd's has its principal place of business at 42 West 54th Street, 14th Floor, New York, NY 10019.

14. Defendant, Catholic Mutual Group ("***Catholic Mutual***"), is a reciprocal risk retention group that provides liability insurance coverage for Roman Catholic institutions, including RCDH. Catholic Mutual has its principal place of business at 10843 Old Mill Road, Omaha, NE 68154.

15. Defendant, The National Catholic Risk Retention Group, Inc. ("**TNCRRG**"), is a reciprocal risk retention group that provides liability insurance coverage for Roman Catholic institutions, including RCDH. TNCRRG has its principal place of business at 801 Warrenville Road, Suite 175, Lisle, IL 60532.

16. Defendant, Interstate Fire & Casualty Company ("**Interstate**"), is an insurance company that has provided liability insurance coverage to RCDH. Interstate has its principal place of business at 33 West Monroe Street, Chicago, IL 60603.

17. Defendant, Colonial Penn Life Insurance Company ("**Colonial Penn**"), is an insurance company that has provided liability insurance coverage to RCDH. Colonial Penn has its principal place of business at 399 Market Street Philadelphia, PA 19181.

## III. FACTUAL BACKGROUND

18. RCDH launched its Survivor Compensation Program (the "**SCP**") on February 12, 2019. The SCP was originally available to claimants who had reported alleged sexual abuse to the Diocese on or before February 12, 2019. However, before the submission period for the SCP closed, the Diocese allowed other claimants to also participate in the SCP if they alleged abuse by (i) a Diocesan priest, deacon, or seminarian, (ii) a priest, deacon, or seminarian from another diocese who had faculties within the Diocese of Harrisburg, or (iii) a priest or brother from a religious order who had faculties in the Diocese at the time of the alleged abuse.

19. In forming the SCP and making available compensation to alleged victims of sexual abuse, RCDH did not thereby admit any liability for any acts of alleged sexual abuse.

20. Individuals who did not qualify for the SCP or who chose not to participate in the SCP have also reported acts of sexual abuse to RCDH. Other persons, as yet unknown and

4

unidentifiable, likely have claims against RCDH concerning sexual abuse. The claims of the known individuals, plus the claims submitted to the SCP, are referred to as the "*Abuse Claims*."

21. Five civil complaints have been filed against RCDH arising from alleged acts of sexual misconduct for which they contend RCDH is liable. As an example only, a copy of a complaint recently filed against RCDH in New Jersey is attached hereto as Exhibit A.

22. The Abuse Claims do not allege that RCDH committed acts of sexual abuse. Rather, it is alleged that RCDH was negligent (a) in not properly obtaining adequate information from the alleged perpetrators' prior employers; (b) in the improper hiring, supervision and/or retention of the alleged perpetrators; (c) in not properly and/or timely investigating reports and complaints of sexual misconduct; (d) in continuing to retain the alleged perpetrators; (e) in not properly and/or timely reporting the misconduct of the alleged perpetrators to the proper authorities; and (f) in keeping the behavior of the alleged perpetrators secret from members of the Diocese, the public, and the authorities.

23. Travelers' predecessor, USF&G, issued commercial general liability ("*CGL*") primary policies to RCDH with an effective period from November 1, 1964 to November 1, 1972 (the "*Travelers Policies*"). As an example only, a copy of the Travelers Policy effective November 1, 1966 to November 1, 1967 is attached hereto as Exhibit B.

24. The Travelers Policies require Travelers to defend and indemnify RCDH with respect to liability for bodily injury, as follows:

> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of
>
> A.   bodily injury or
>
> B.   property damage

5

> To which this insurance applies, caused by an occurrence, and the
> Company shall have the right and duty to defend any suit against
> the Insured seeking damages on account of such bodily injury or
> property damage, even if any of the allegations of the suit are
> groundless, false or fraudulent, and may make such investigation
> and settlement of any claim or suit as it deems expedient, but the
> Company shall not be obligated to pay any claim or judgment or to
> defend any suit after the applicable limit of the Company's liability
> has been exhausted by payment of judgment or settlements.

25. Zurich's predecessor, Maryland Casualty, issued CGL primary policies to RCDH with an effective period of November 1, 1972 to November 1, 1974 (the "**Zurich Policies**"). RCDH has been unable to locate copies of the Zurich Policies.

26. Lloyd's issued CGL primary and excess policies to RCDH with an effective period of July 25, 1974 to July 25, 1987 (the "**Lloyd's Policies**"). As an example only, a copy of the Lloyd's Policy effective July 25, 1983 to July 25, 1986 is attached hereto as Exhibit C.

27. The Lloyd's Policies require Lloyd's to indemnify RCDH with respect to liability for bodily injury, as follows:

> Agreement C – General Liability: Underwriters hereby agree,
> subject to the limitations, terms and conditions hereunder
> mentioned, to indemnify the Assured for all sums which the
> Assured shall be obligated to pay by reason of the liability imposed
> upon the Assured by law or assumed by the Named Assured under
> contract or agreement, for damages direct or consequential, and
> expenses, all as more fully defined by the term "ultimate net loss",
> on account of personal injuries, including death at any time
> resulting therefrom, suffered or alleged to have been suffered by
> any person or persons (excepting employees of the Assured injured
> in the course of their employment); and/or damage to destruction
> of property or the loss of use thereof; arising out of any occurrence
> happening during the period of Insurance.

28. Catholic Mutual issued CGL primary policies to RCDH with an effective period of July 25, 2011 to the present and excess policies from July 25, 1998 to the present (the

6

"***Catholic Mutual Policies***"). As an example only, a copy of the Catholic Mutual Policy effective July 25, 2018 to July 25, 2019 is attached hereto as Exhibit D.

29. The Catholic Mutual Policies require Catholic Mutual to indemnify RCDH with respect to liability for bodily injury, as follows:

> We will pay those sums that You become legally obligated to pay as damages up to the Limit of Liability shown in the Declarations, arising out of an Occurrence during the Certificate Period and in the coverage territory arising from:
>
> 1. Bodily Injury
>
> 2. Property Damage

30. TNCRRG issued CGL excess policies to RCDH with an effective period from June 25, 1988 to the present (the "***TNCRRG Policies***"). As an example only, a copy of the TNCRRG Policy effective July 25, 1988 to July 25, 1989 is attached hereto as Exhibit E.

31. The TNCRRG Policies require TNCRRG Insurers to indemnify RCDH with respect to liability for personal injury under the terms and conditions of the underlying Policies, as follows:

> To indemnify the Insured against Loss up to the Limit of Liability stated in Item 5 of the Declarations which is in excess of the limits of the applicable Underlying Insurance specified in Item 5 of the Declarations by reason of bodily injury and property damage during the policy period caused by an occurrence which Underlying Insurance provides the following coverage:
>
> (1) General Liability

32. Upon information and belief, Interstate issued excess liability policies to RCDH with an effective period of July 25, 1978 to July 25, 1987 ("***the Interstate Policies***").

33. Upon information and belief, Colonial Penn issued excess liability policies to RCDH with an effective period from 1985 to 1986 ("***the Colonial Penn Policies***").

34. The Abuse Claims involve alleged sexual misconduct that took place over several decades.

35. Various Abuse Claims fall within the coverage periods of each Insurer, as those coverage periods are described above.

36. Upon information and belief, more than one of the Abuse Claims trigger Travelers Policies.

37. Upon information and belief, more than one of the Abuse Claims trigger Zurich Policies.

38. Upon information and belief, more than one of the Abuse Claims trigger Lloyd's Policies.

39. Upon information and belief, more than one of the Abuse Claims trigger Catholic Mutual Policies.

40. Upon information and belief, more than one of the Abuse Claims trigger TNCRRG Policies.

41. Upon information and belief, more than one of the Abuse Claims trigger Interstate Policies.

42. Upon information and belief, more than one of the Abuse Claims trigger Colonial Penn Policies.

43. In addition to the Abuse Claims that have already been made or reported to RCDH, RCDH has a reasonable expectation that presently unknown claims arising from alleged sexual abuse will be made to RCDH in the future, some of which may trigger all or some of the Insurers' Policies.

44. RCDH has incurred in excess of $11.5 million in settling in excess of 100 SCP Claims.

45. In settling Abuse Claims, RCDH has not admitted the truth of any sexual abuse allegations nor has it admitted liability for any Abuse Claims.

46. RCDH has provided notice of the Abuse Claims to at least Catholic Mutual, Interstate, Lloyd's, TNCRRG, Travelers, and Zurich.

47. The Abuse Claims arise from "Bodily Injury" caused by an "Occurrence" as those terms are defined by all of the Insurers' applicable Policies.

48. Catholic Mutual and TNCRRG expressly provide coverage with respect to claims against RCDH arising from allegations of sexual misconduct.

49. The Travelers and Lloyd's Policies, and upon information and belief, the Zurich, Interstate, and Colonial Penn Policies do not exclude coverage for claims against RCDH arising from allegations of sexual misconduct.

50. The alleged sexual misconduct giving rise to the Abuse Claims was neither expected nor intended by RCDH.

51. Each Abuse Claim triggers the Policies in effect when each alleged abuse victim was first sexually abused.

52. The Insurers are required under the Policies to indemnify RCDH with respect to the Abuse Claims to the extent that the Abuse Claims fall within each Insurer's policy period.

53. Lloyd's, Travelers, TNCRRG, Catholic Mutual and Interstate have generally reserved all rights with respect to coverage of the Abuse Claims but have failed to acknowledge that they have a duty to indemnify RCDH for the Abuse Claims, and have, in some cases, denied coverage outright.

54. Zurich has denied that it has a duty to indemnify RCDH for the Abuse Claims.

**COUNT I– DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

55. RCDH incorporates the averments the foregoing Paragraphs of this Complaint as though set forth fully herein.

56. The Abuse Claims are claims arising from bodily injury caused by an occurrence within the meaning of the coverage provisions of the Policies.

57. The Abuse Claims are not excluded by the Policies.

58. The Insurers' refusal to agree to indemnify RCDH with regard to the Abuse Claims constitutes a breach of the contract of insurance embodied in the Policies.

WHEREFORE, RCDH requests that the Court enter judgment in its favor and against Defendants The Travelers Companies, Inc., Zurich North American Insurance Company, Underwriters at Lloyds London, Catholic Mutual Group, The National Catholic Risk Retention Group, Inc., Interstate Fire and Casualty Company, and Colonial Penn Life Insurance Company, and enter an order declaring that (i) the Abuse Claims fall within the scope of coverage provided by the Policies; and (ii) the Insurers are obligated to indemnify RCDH for any judgment or settlement of the Abuse Claims that trigger their respective Policies.

**COUNT II– BREACH OF CONTRACT**

59. RCDH incorporates the averments the foregoing Paragraphs of this Complaint as though set forth fully herein.

60. The Abuse Claims are covered claims within the meaning of the coverage provisions of the Policies.

61. The Abuse Claims are not excluded by the Policies.

62.     The Insurers' refusal to agree to indemnify RCDH against the Abuse Claims constitutes a breach of the Policies.

63.     RCDH has complied with all of its duties and obligations under the Policies.

64.     As a result of Insurers' breaches of contract, RCDH has incurred damages in excess of $75,000.00, including the cost of defense of the Abuse Claims.

WHEREFORE, Plaintiff RCDH requests that the Court enter judgment in its favor and against Defendants The Travelers Companies, Inc., Zurich North American Insurance Company, Underwriters at Lloyds London, Catholic Mutual Group, The National Catholic Risk Retention Group, Inc., Interstate Fire and Casualty Company, and Colonial Penn Life Insurance Company, requiring Insurers to (i) indemnify RCDH for any judgment or settlement of the Abuse Claims to the extent they arise from sexual abuse or molestation, up to the applicable policy limits; and (ii) pay RCDH for all other damages incurred by RCDH as a consequence of Insurers' breaches in an amount to be determined at trial in excess of $75,000.00, together with attorneys' fees, interest, and any other relief this court deems just.

Dated: February 27, 2020

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Steven J. Engelmyer (No. 42840)
Joshua J. Voss (No. 306853)
**KLEINBARD LLC**
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
(215) 568-2000
mhaverstick@kleinbard.com
sengelmyer@kleinbard.com
jvoss@kleinbard.com

*-and-*

Blake D. Roth (No. 306951)
Tyler N. Layne (*Pro Hac Vice* pending)
**Waller Lansden Dortch & Davis, LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
blake.roth@wallerlaw.com
tyler.layne@wallerlaw.com

*Attorneys for the Roman Catholic Diocese of Harrisburg*